UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IVORY SIMIEN | CIVIL ACTION |
| VERSUS | NO. 08-4978 |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | SECTION "A" (2) |

# REPORT AND RECOMMENDATION

Plaintiff, Ivory Simien, filed this action pro se and in forma pauperis. The sole named defendant is the Equal Employment Opportunity Commission ("EEOC"), an agency of the United States charged by statute with administrative review of claims of employment discrimination. The basis of Simien's complaint is a decision by the EEOC pertaining to his August 4, 2005 petition for review, in which the EEOC concurred with the final decision of the Merit Systems Protection Board concerning plaintiff's removal from employment by the United States Postal Service, finding no discrimination or unlawful retaliation. Plaintiff alleges that he received a letter from the EEOC advising him of his right to file this civil action in a United States District Court within thirty (30) days of the EEOC's May 19, 2006 decision. Record Doc. No. 1 (Complaint).

Specifically, plaintiff alleges misconduct by the EEOC and "Violation of their Charter" in that the EEOC denied "protection to the disable[d]," failed to "enforce the ADA act" and "refused to acknowledge that the plaintiff was on worker comp (sic) and was terminated after he was put on worker comp when it is against the law to terminate

an employee on worker comp." Id. In short, plaintiff has sued the EEOC because it sided with the Postal Service and not with plaintiff when it reviewed plaintiff's claim of employment discrimination against the Postal Service as part of the statutory administrative process the EEOC is charged with performing.

## ANALYSIS

I.  STANDARDS OF REVIEW

A pro se complaint filed in forma pauperis shall be dismissed "at any time" if the court determines that it is frivolous or that it fails to state a claim on which relief may be granted or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges . . . the authority to dismiss a claim based on an indisputably meritless legal theory, . . .'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff,

dismissal under Rule 12(b)(6) is appropriate; . . ."  Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).  An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2)(B).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. § 1915(e), either as legally frivolous because it lacks an arguable basis in law, or under Rule 12(b)(6) because it fails to state a cognizable claim under the broadest reading.[1]

Plaintiff's claim against the EEOC on the facts alleged in this complaint is nonexistent.  The case law is clear and overwhelmingly in support of the view that plaintiff has no claim under any legal theory against the EEOC in connection with the agency's investigation, disposition, enforcement or administration of Title VII or other antidiscrimination laws.  Newsome v. Equal Employment Opportunity Comm'n, 301 F.3d 227, 231-32 (5th Cir. 2002) (dismissing as frivolous appeal of Judge McNamara's dismissal for failure to state a claim of plaintiff's suit against the EEOC for alleged failure properly to investigate her discrimination claim against her ex-employer, Newsome v. EEOC, C.A. No. 00-2861, Record Doc. Nos. 11, 13 and 14); Jordan v. Summers, 205 F.3d 337, 342 (7th Cir. 2000); Wright v. Dominguez, No. 04-5055, 2004 WL 1636961, at *1 (D.C. Cir. July 21, 2004); Smith v. Casellas, 119 F.3d 33, 34 (D.C.

---

[1]Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

3

Cir. 1997); Santos v. Texas Workforce Comm'n, No. H-08-1869, 2008 WL 4155276, at *1 (S.D. Tex. Sept. 9, 2008).

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __11th__ day of February, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE